IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

    Petitioner,

v.                                                      No. CV 14-0154 RB/LAM

STATE OF NEW MEXICO, et al.,

    Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court on Petitioner's Motion to Request Permission to File Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 and 2241 (Doc. 1). The Clerk opened a case under 28 U.S.C. § 2254 to accommodate filing of the motion. As grounds for his request to file a habeas corpus petition, Petitioner alleges a number of constitutional violations in his state court criminal case, *State v. Ogden*, No. CR-92-0455-4, and in post-conviction proceedings. The Court will dismiss the motion.

    With one primary exception, filing a habeas corpus petition under § 2254 does not require leave of court. The exception is that a second or successive petition may not be prosecuted without authorization by the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Here, Petitioner has filed at least two petitions attacking the same state court conviction. *See Ogden v. Ulibarri*, No. CV 05-1316 JB/WPL; *Ogden v. Bravo*, No. CV 01-0658 JP/RLP. Because only the Court of Appeals for the Tenth Circuit may grant Petitioner the authorization he seeks, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008), the motion for this Court's permission is moot.[1] Furthermore, because Petitioner has previously filed petitions challenging the same conviction, his

---

1 Petitioner's request to proceed under § 2241 is also moot because he makes no allegation against the execution of his sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

motion must be treated as a second (or third) or successive petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). As a result, "the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (§ 2255 proceeding); *see also United States v. Bedolla*, No. 04-40001-01- SAC, 2008 WL 2949565, at *2 (D. Kan. July 30, 2008) (dismissing for lack of jurisdiction a pre-petition motion for extension of time).

Furthermore, Petitioner's motion has not initiated a § 2254 proceeding. "[T]he denial by the district court of . . . a motion for leave to file a petition for the writ . . . would constitute an appealable case. This does not imply, however, that the petitioner's *habeas corpus case* has been initiated by the filing of such a preliminary motion." *Williams v. Coyle*, 167 F.3d 1036, 1040 (6th Cir. 1999), *quoted in Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999); *and cf. Fierro v. Cockrell*, 294 F.3d 674, 680-81 (5th Cir. 2002) ("[W]e rejected the contention that a motion to stay execution or a motion to appoint counsel initiates a habeas corpus proceeding."). The Court will dismiss Petitioner's motion for lack of jurisdiction.

IT IS THEREFORE ORDERED that Petitioner's Motion to Request Permission to File Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 and 2241 (Doc. 1) is DISMISSED for lack of jurisdiction, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE